1 | CENTER FOR DISABILITY ACCESS
  | Ray Ballister, Jr., Esq., SBN 111282
2 | Mark Potter, Esq., SBN 166317
  | Phyl Grace, Esq., SBN 171771
3 | Dennis Price, SBN 279082
  | <u>Mail</u>: PO Box 262490
4 | San Diego, CA 92196-2490
  | <u>Delivery</u>: 9845 Erma Road, Suite 300
5 | San Diego, CA 92131
  | (858) 375-7385; (888) 422-5191 fax
6 | phylg@potterhandy.com

7 | Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **Chris Langer**, | **Case No**. |
|---|---|
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Jacob Seid,** in his individual and representative capacity as trustee of the Seid Living Trust Dated August 3, 2013; **Circlecircle, LLC,** a California Limited Liability Company**; Eun Jin Jang**; **Jeong Ho Kim** and Does 1-10, | |
| Defendants. | |

Plaintiff Chris Langer complains of Defendants Jacob Seid, in his individual and representative capacity as trustee of the Seid Living Trust Dated August 3, 2013; Circlecircle, LLC, a California Limited Liability Company; Eun Jin Jang; Jeong Ho Kim; and Does 1-10 ("Defendants") and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendant Jacob Seid, in his individual and representative capacity of trustee, owned the property located at or about 28752 Marguerite Pkwy, Mission Viejo, California, in June 2014.

3. Defendant Circlecircle, LLC, owns the property located at or about 28752 Marguerite Pkwy, Mission Viejo, California, currently.

4. Defendants Eun Jin Jang and Jeong Ho Kim owned the Avery Liquor ("Avery") business located at or about 28752 Marguerite Pkwy, Mission Viejo, California, in June 2014.

5. Defendants Eun Jin Jang and Jeong Ho Kim own Avery located at or about 28752 Marguerite Pkwy, Mission Viejo, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to Avery in June 2014, to shop.

11. Avery is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages specifically offered and reserved by defendants to their customers at Avery.

13. Unfortunately, although parking spaces are one of the facilities available to patrons of Avery, there was not a single compliant handicap parking space available for persons with disabilities during plaintiff's June 2014 visit.

14. Currently, there is still no accessible parking space reserved for persons with disabilities who would like to patronize Avery.

15. Meanwhile, there is a parking space that is marked and reserved for persons with disabilities located in front of the Shooters Cocktail bar.

16. Unfortunately, the parking stall and access aisles for use by persons with disabilities are not level with each other because there is a built up curb

ramp that runs into the access aisle and parking stall. This results in slopes greater than 2.1%. This parking space is not accessible and is not compliant with the law.

17. The inaccessible parking space existed in June 2014 when the plaintiff visited Avery.

18. Currently, the parking space still remains inaccessible today.

19. Plaintiff, on information and belief, alleges that there used to be an accessible parking space designed and reserved for persons with disabilities on the property.

20. Defendants have no policy or procedure in place to make sure that the accessible parking space remains useable and available in the parking lot.

21. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

22. Plaintiff would like to return and patronize Avery, and has wanted to return, but will be deterred from visiting until the defendants cure the violation.

23. Plaintiff lives in San Diego County but travels to Orange County on a regular and ongoing basis.

24. Plaintiff attends car shows, shops, and attends conventions in the area regularly.

25. Avery is conveniently located.

26. Plaintiff would like to return.

27. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

28. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site

Complaint

that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

29. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford

Complaint

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

33. Here, the lack of an accessible parking space is a violation of the law.

34. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not

Complaint

permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. 2010 Standards § 502.4. Here the failure to provide level parking is a violation of the law.

35. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

36. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

37. Given its location and options, Avery is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants except Circlecircle LLC, which is only being sued for injunctive relief) (Cal Civ § 51-53)

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

39. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

40. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are

also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: September 10, 2015       CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint